# FIDELITY INSURANCE TRUST AND SAFE DEPOSIT COMPANY *v.* McCLAIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 451.  Argued and submitted December 5, 6, 7, 1899.—Decided  May 14, 1900.

The judgment in *High* v. *Coyne, ante,* 111, is followed in this case.

THE case is stated in the opinion.

*Mr. Richard C. Dale* for plaintiff in error.  *Mr. Dale, Mr. Samuel Dickson* and *Mr. John C. Bullitt* filed a supplemental brief for plaintiff in error under the order of court of February 26, 1900.

*Mr. Solicitor General* for defendant in error.  He also filed an additional brief under the order of court.

MR. JUSTICE WHITE delivered the opinion of the court.

This action was begun in the Court of Common Pleas for the county of Philadelphia, State of Pennsylvania, to recover from the defendant, a collector of internal revenue, the sum of $168.75, with interest, being the amount of an assessment made by the defendant under the authority of sections 29 and 30 of the War Revenue Act of June 30, 1898, which we have just considered. The statement of claim filed on behalf of the plaintiff contained an averment of the amount of the tax paid, without any particular description of the mode in which it had been levied.  It was averred that the payment of the tax had been made under protest, and because of threats to distrain, etc.   It was also further stated that an application for refunding had been refused, and judgment was prayed for the amount of the tax.   The demand was based solely on the ground of the unconstitutionality of the statute, which was asserted to exist, because the tax was direct

and had not been apportioned, and, if not direct, was wanting in uniformity.

The cause was removed into the Circuit Court of the United States for the Eastern District of Pennsylvania. The defendant demurred on the ground that no cause of action was stated, and the demurrer was sustained. A judgment having been entered in favor of the defendant, the present writ of error was prosecuted.

The record contains the protest made at the time of the payment of the tax and the petition for refunding. Both of these documents disclose that the sole ground urged against the assessment and collection of the tax was the unconstitutionality of the statute in the particulars above mentioned. This constitutional objection, as we have already said, was the only ground alleged in the statement of the case. The assignment of errors here made also confines the issue solely to the constitutional questions already referred to. There is nothing in the record to show the amount of the estate, the legacies or distributive shares therein, or upon what basis the collector proceeded in assessing the tax. It contains therefore nothing from which it can be said that if the law under which the tax was laid be constitutional, an excessive tax was imposed. In *Knowlton* v. *Moore*, No. 387 of this term, *ante*, 41, it was held that the law in question was constitutional. As, however, the interpretation of the statute which was held to be unsound in No. 387 was the one which was adopted and enforced by the officers charged with the administration of the law, the impression naturally arises that such erroneous construction may have been applied in assessing the tax in controversy. The ends of justice therefore require that the right to relief as to so much of the tax, if any, as may have arisen from the wrong interpretation of the statute above referred to, be not foreclosed by our judgment.

*Judgment affirmed, without prejudice to the right to any such relief.*